## *In re* GILMAN'S ESTATE.

*(Common Pleas of New York City and County, General Term. January 15, 1892.)*

1. SETTING ASIDE DECREE—LACHES.
    A delay of 2½ years in moving to set aside a final decree on an accounting is such laches as will prevent relief.

2. DISQUALIFICATION OF SURROGATE—POWER OF COMMON PLEAS.
    Code Civil Proc. § 2486, providing that the court of common pleas at special term must exercise the powers, etc., of the surrogate's court in any matter wherein the surrogate is disqualified from acting, is not within the meaning of section 3347, subd. 11, which provides that so much of certain chapters (including the one in which section 2486 is found) "as regulates the proceedings to be taken in an action or special proceeding" shall apply only to an action or special proceeding commenced on or after September 1, 1880, as section 2486 does not regulate proceedings, but provides for the exercise of jurisdiction, and in case of the disqualification of the surrogate his jurisdiction and powers devolve upon the court at special term, irrespective of the time of commencement of the proceedings.

Appeal from special term.

Application for the settlement of the accounts of the executors, etc., of Nathaniel Gilman. Caroline R. Garczynski appeals from an order denying her motion to vacate the final decree. Affirmed.

For proceedings in the surrogate's court, see 7 N. Y. Supp. 694. For partition proceedings in respect to testator's land, see 1 N. Y. Supp. 902.

The following opinion was delivered by DALY, C. J., at special term:

"This is a motion by Caroline R. Garczynski, a granddaughter of the testator, to vacate a final decree on accounting made at a special term of this court on August 7, 1888, on the ground that this court at special term was without jurisdiction to make such decree. The decree in question recites that the then surrogate, RASTUS S. RANSOM, had filed on February 23, 1888, a certificate stating that he was disqualified from acting in respect to the accounts of the executors of Nathaniel Gilman, deceased, by reason of his having been theretofore counsel for one of the contesting parties. Thereupon this court at special term proceeded to hear the exceptions which had been filed to the report of the referee appointed on December 29, 1887, to resettle the accounts of the executors of the said deceased, and to take testimony and report upon certain questions particularly set forth in said order. The proceeding for accounting in which the said order was made had been instituted by citations issued from the surrogate's court and returnable in the year 1871. By the provisions of section 2486 of the Code of Civil Procedure, it is enacted that in the county of New York the court of common pleas at a special term thereof must exercise all the powers and jurisdiction of the surrogate's court in any matter wherein the surrogate is disqualified from acting. This pro-

vision was in force when our special term proceeded with the hearing and made the decree above set forth. It is now urged that that provision applies only to a proceeding commenced after September 1, 1880, (see subdivision 11 of section 3347, Code,) and that, with respect to a proceeding commenced before that date, the jurisdiction, when the surrogate is disqualified, is to be exercised by a judge of the court of common pleas acting as surrogate, according to the practice existing prior to the enactment of the Code of Civil Procedure. In other words, that the hearing and decision upon the final accounting in this matter should have been by a judge of this court, and not by the court at special term. Section 3347, subd. 11, above cited, defines the application of portions of the Code of Civil Procedure. It provides that so much of certain chapters, including the 18th, (which embraces section 2486,) ' as regulates the proceedings to be taken in an action or special proceeding, and the effect thereof, applies only to an action or special proceeding commenced on or after the 1st day of September, 1880. ' It appears, therefore, that the limiting clause of section 3347 does not apply to the whole of chapter 18,— only to so much of that chapter as regulates proceedings. The chapter embraces seven titles relating to surrogates' courts, and the proceedings therein. The first title relates to the organization, jurisdiction, and powers of the surrogate's court, the duties, powers, and disabilities of the surrogate and the officers of the court. It is in this title that section 2486 occurs, which provides that the common pleas at special term shall act as surrogate in any matter wherein the surrogate is disqualified to act. It is in the subsequent titles of the chapter that provision is made for proceedings in the surrogates' courts, appeals from those courts, practice upon granting and revoking probate, letters testamentary, letters of administration, proceedings by or against a testator, touching the settlement and administration of an estate, etc. It thus appears that there are certain portions of chapter 18 which do not embrace provisions regulating proceedings, and such portions took effect with the Code, and are nowhere limited in application in any respect. The words ' regulate the proceedings ' refer only to the questions of practice and rules for the conduct of proceedings. The section in question (3347) has already received judicial interpretation. In *Re Estate of Sexton*, 2 McCarthy, Civil Proc. Rep. 94, it was held that the word ' proceedings ' in the section means modes of procedure, and the whole phrase ' proceedings in a special proceeding' means the forms by which the various steps in a special proceeding are conducted. This has nothing to do with the provisions defining the powers and jurisdiction of the surrogate, and providing for the exercise of such powers and jurisdiction when he is disqualified from acting. In addition to the foregoing view, it is contended by the respondents upon this motion that it will appear from the opening sentence of section 3347 that the express provisions of chapter 18, designating or referring to the court of common pleas and the proceedings therein, are excluded from the limitations of that section. This contention is based upon the following language: ' The application and effect of certain portions of this act are declared and regulated as follows: Except that where a particular provision included within a chapter, or a portion of a chapter specified in a subdivision of this section, expressly designates the courts, persons, or proceedings affected thereby, that provision is deemed excluded from the application and effect prescribed in the subdivision.' As chapter 18 includes a particular provision expressly designating the court which is to act in place of the surrogate, and the proceedings thereupon, that provision is therefore excluded from the application and effect of subdivision 11 of section 3347, which the moving party here relies upon as controlling upon the question of jurisdiction. It would seem, therefore, that upon the enactment of the Code of Civil Procedure the jurisdiction and powers of the surrogate, where he was disqualified from acting, devolved upon this court at special term, pursuant

to section 2486, irrespective of the time when the proceeding was commenced in respect of which the disqualification exists, and that the only effect of the limitation contained in section 3347, if any, was to require that the mode of procedure in proceedings commenced prior to September 1, 1880, should conform to the practice before the enactment of the Code, except as to such special regulations, which of necessity attach to the new jurisdiction created. Motion to vacate the decree of August 7, 1888, denied."

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Geo. H. Starr*, for appellant. *Henry E. Knox, Thos. S. Ormiston*, and *James A. Hudson*, for respondents.

BOOKSTAVER, J. The sole ground for the motion, and for this appeal from the order denying it, is that the decree should have been made by a judge of this court, as such, and not by the judge at special term. It seems to us that this is merely a contention as to the form of the decree, and does not involve any question as to the propriety or soundness of any of the provisions of the decree. It was settled on notice to appellant, and she should then have raised this question. If she did, then the matter was passed upon by the judge who heard the motion and settled the decree, from which, we were informed on the argument, she promptly appealed. On the argument of that appeal, this question can be brought up. The decree was settled August 7, 1888. But this motion was not made until the 23d day of March, 1891, more than two years and a half after the decree was entered. Her laches should, therefore, preclude her from any relief, unless the court was absolutely without jurisdiction to make the decree in the form it did. This question has been fully and carefully considered by the learned chief judge, and we fully agree with him in the conclusion to which he arrived, and the reasoning by which he reached that conclusion.

It only remains to notice some of the authorities cited by appellant's counsel in support of his contention. *Pruyn* v. *Lynch*, 44 Hun, 587, came before the general term of the third department upon an appeal from the county court, which was pending on the 1st of September, 1880, the original judgment having been rendered by a justice of the peace at a date still earlier. The question before the general term did not involve any question of jurisdiction, but was as to proceedings merely; hence the comment of the court as to what was "the intentions of the saving clauses in the Code of Civil Procedure" must be confined to the particular question under consideration. In *Re Estate of Weston*, 91 N. Y. 502, the court of appeals had under consideration the question as to whether the old law or the new controlled the surrogate in the matter of the amount of costs and allowances to be awarded. There was no question before the court which rendered it necessary to determine whether any of the sections of chapter 18 of the Code, relating to matters of jurisdiction, were or were not covered by the exempting clause of section 3347, and the learned judge who delivered the opinion of the court expressly excepts "certain sections," which did not affect the question of costs, from consideration. For this reason we think the language of the court must be regarded as relating to the details of proceedings merely. In *Mills* v. *Hoffman*, 92 N. Y. 185, the question was whether the surrogate in rendering a decision in a proceeding commenced in May, 1880, was required by the Code, which was in effect at the time of rendering the decision, to make findings of fact under section 2545. This section again relates to details of proceedings, and not to jurisdictional matters, and upon that question only was the effect of subdivision 11 of section 3347 considered critically. We therefore think that the language of the court should be regarded as relating to matter of proceedings, and not as having in view any question of jurisdiction, for that was conceded in the case. We therefore think the order should be affirmed, with costs.